IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:00CV00164 |
| $1,197.00 U.S. CURRENCY; ONE 1967 CAMARO CHEVROLET, VIN 124377N138178; ONE 1997 KAWASAKI 4-WHEELER, VIN JKAVFKB12WB500920; ONE 1991 MAZDA SUV, VIN 4F2CU44X9MUM12755; ONE 1987 ITASCA CHEVROLET R/V CAMPER, VIN 1GBKP37W7H3328434, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Pending before the court are motions from Jacob Wayne Long and Ronald Dewayne Long to set aside default, both in this in rem civil forfeiture action filed by the United States ("the Government"). For the reasons stated below, the court will deny both motions.

I. **FACTUAL BACKGROUND**

Law enforcement officers arrested Jacob Wayne Long on September 2, 1999, and thereafter seized, among other property, $1197 in cash and loose change, stored in a five-gallon jug, and a 1967 Chevrolet Camaro. On February 18, 2000, the Government filed a complaint for forfeiture against the property. Persons claiming to have an interest in the seized property were Jacob

Long, Ronald Long, Joy Ann Long, Sherry Kirkman Scott, and Bethel L. Griffin, Jr.  Throughout this case, Ronald Long and Jacob Long had an attorney, and the Government served necessary papers on that attorney.  After various settlements in this matter with other claimants, the court granted the Government's motion to strike the claims of Claimant Ronald Long on March 14, 2003.  On March 26, 2003, this court granted a motion for default judgment as to all claimants except Joy Ann Long and Sherry Kirkman Scott.

**II.  ANALYSIS**

Pending are Ronald Long's motion to set aside default and Jacob Long's motion to set aside default.  The court considers each in turn.

    A.    Claimant Ronald Long's Motion to Set Aside Default

Ronald Long moves to set aside the default, and return his 1967 Chevrolet Camaro, entered in this case for two reasons:  his attorney's "dereliction of duty" caused the court to enter a default when certain interrogatories were not answered.  When the court realized that he failed to answer those discovery requests, the court owed Claimant personal notice of his duty to answer the request.  The Government served all papers upon his attorney only.  Even though the Government has not responded to the motion, the court will not grant Ronald Long's motion.  Ronald Long's argument has no support in law.  Federal Rule of Civil Procedure 5(b)(1) requires service of a pleading or other paper on a party represented by an attorney to be made on the attorney unless the court orders otherwise.  This service occurred.

2

Furthermore, this rule does not conflict with existing law, including constitutional standards of due process. For these reasons, the court will deny the motion.

B.  Claimant Jacob Long's Motion to Set Aside Default

Jacob Long moves to set aside default and have his $1197 returned to him. Jacob Long makes three arguments as to why this court should set aside default, which the court considers in turn.

Jacob Long first presents the same argument as did Ronald Long as to personal service. For the same reasons, the court will deny the motion on this ground.

Jacob Long next argues the court failed to apply the correct burden of proof in this case. Jacob Long finally argues that the seizure of the money conflicts with the criminal order in this case. Both of these arguments, however, are not relevant to overturning the entry of default and default judgment. Neither explains nor justifies his failure to prosecute, which led to the default. For these reasons, the motion will be denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Ronald Long's Motion to Set Aside Default [40] is DENIED.

IT IS FURTHER ORDERED that Jacob Long's motion to set aside default [42] is DENIED.

The motions [46, 47] filed by Claimant Ronald Long on August 29, 2006, are rendered MOOT by this order.

This the 31st day of August 2006.

_____
United States District Judge